Arion Jones
916 Talbott Lane
Fort Worth, TX 76102
P: 7134120096
arionjones9@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(Court Level and Jurisdiction)

| | |
|---|---|
| Arion Cotina Jones | **4-24CV-1174P** |
| | (Case I.D. Number) |
| Plaintiff | |
| -vs- | |
| Liberty Mutual Insurance | |
| Defendant | |

# AFFIDAVIT

I, Arion Cotina Jones, of Fort Worth, in Tarrant County, Texas, MAKE OATH AND SAY THAT:

1. I, Arion Jones first began working for Defendant in or around May 2021 as a salvage assistant. At the time, I was using my maiden name, Arion Boyland.

2. For the duration of my employment, I always gave my best efforts to Liberty Mutual.

3. I suffer from anxiety and depression, which affect the major life activities of concentrating, thinking, and caring for myself. However, I remained able to complete the essential functions of my role despite her disabilities.

4. To treat my disabilities, I began therapy in August 2023. I disclosed my condition to her supervisor, Randy Orozco, and requested understanding and accommodations when her

disabilities were triggered.

5. Mr. Orozco also knew that there were certain triggers that affected my disabilities, as I shared this information with him as well.

6. In August 2023, I experienced a panic attack during a meeting and had to excuse myself. When informed of the episode, Mr. Orozco threatened to write me up for "disruptive behavior," displaying a complete lack of empathy and understanding of her condition.

7. Recognizing that Mr. Orozco's comment was discriminatory, I immediately filed a complaint against him to Senior Claims Field Manager, Vivian Kilada. That same day, I had to take medical leave to manage her disabilities, which was approved.

8. Prior to my return Vivian Kilada, contacted me and advised that Mr.Orozco was no longer with the department and she never "had a chance to speak with Mr.Orozco", allowing this incident to go unaddressed.

9. Upon my return from leave in September 2023, she discovered Mr. Orozco had been reassigned, and Amanda Chavez became her direct supervisor. HR was unable to tell me whether or not he was
promoted or transferred, or any other reasons for the change.

10. The defendant still entrusted Mr. Orozco with my annual review despite the fact that I filed a complaint against him. In January 2024, Mr. Orozco gave me a bad performance review, a first in her career. He gave her a 7 out of 15 although in previous years he had given me an 11 out 15 rating.

11. The only thing that had changed was that I had since disclosed her disabilities to Mr. Orozco and submitted a protected complaint against him. This was clearly discriminatory and retaliatory.

12. When I expressed dissatisfaction with my performance review with Amanda Chavez on January 23, 2024 , Amanda stated that she will "discuss with leadership" and that the review was a "done deal"

13. The same day I sent an email to Amanda Chavez and Bryana Leonard documenting my concerns and they went unanswered.

14. Shortly after, Defendant Chavez contacted me regarding my refusal to sign a performance review.

15. Despite me expressing continued dissatisfaction with the review, Defendant Chavez failed to address me concerns or engage in a meaningful discussion.

16. Defendant Chavez made the dismissive statement, "there is nothing that I can do," in an attempt to pressure me into signing the review against me will. I later filed a formal complaint after my attempts went unanswered.

17. After an investigation, HR decided to increase my rating just one point—to an 8 out of 15—which was still inconsistent with me performance given that she had been a top performer.

18. On or about January 26, 2024, I requested a reasonable accommodation from her second line supervisor, Bryana Leonard, and Ms. Chavez, to have a flexible work time and to sit on a quieter floor. However, Liberty Mutual failed to engage in the interactive process.

19. Defendant failed to engage in the interactive process required under disability law, dismissing me requests outright. Ms. Chavez and second-line supervisor, Bryana Leonard, stated that granting accommodations to myself would require accommodating "everyone," a clear misrepresentation of Liberty Mutual's legal obligations.

20. This was surprising to me because Liberty Mutual's handbook clearly stated that managers could allow for flexible work arrangements. Liberty Mutual's refusal to provide me with a reasonable accommodation is clearly a violation of Americans with Disabilities Act, as Amended.

21. As such, Mrs. Jones filed another complaint with human resources on outlining this failure to accommodate, and Ms. Chavez and Ms. Leonard's discriminatory comments towards her.

22. In the interim, Ms. Chavez targeted me with heightened micromanagement, creating an environment designed to compel me resignation or justify termination.

23. I and another coworker Turri Green filed multiple HR complaints regarding Ms. Chavez's racially charged comments, including her reference to African American children as "Bebe's Kids," a term rooted in racial stereotyping.

24. And the defendant failed to investigate or address these complaints, allowing the hostile environment to persist unchecked and further demonstrating its disregard for its employees' rights and well-being.

25. On April 4, 2024, Ms. Kilada offered to move me to another department, but only gave barely 24 hours to make my decision.

26. This was not a reasonable accommodation or an otherwise acceptable solution to Mrs. Jones's complaints as HR had close my accommodation request.

27. Accepting this transfer was a big decision to make, especially with such short notice.

28. I emailed Ms. Kilada, informing her that I did not feel comfortable making a decision on such short notice, and that she felt overwhelmed with anxiety and pressure.

29. Ms. Kilada emailed me twice the next day asking if she had made a decision, ignoring my response that the pressure was aggravating her disabilities.

30. I filed a third HR complaint on April 6, 2024, detailing that I felt I was being bullied and harassed without the opportunity to consider or discuss her options.

31. Ms. Kilada's consistent refusal to acknowledge and rectify the harmful behavior of leadership, coupled with her dismissal of employee concerns, demonstrates a clear pattern of negligence and disregard for employee well-being.

32. And as a result has exacerbated my disabilities as a result of its discriminatory and retaliatory treatment of her.

33. As such, I hired counsel, who sent a letter to Liberty Mutual via email and priority mail on April 8, 2024, outlining her concerns of discrimination and retaliation, and her intention to file a Charge of Discrimination against it with the U.S. Equal Employment Opportunity Commission ("EEOC").

34. Only after Plaintiff retained legal counsel in April 2024 did Defendant reopen the accommodation request, three months after its initial denial. This belated action demonstrated Defendant's lack of genuine intent to accommodate Plaintiff, serving solely to mitigate liability.

35. Liberty Mutual, through its attorney Kimberly Drummond, violated the spirit of the EEOC process by engaging in dilatory tactics and withholding exculpatory evidence.

36. This conduct constitutes a breach of the duty of good faith and fair dealing, and further demonstrates the defendant's intent to undermine Arion's claims of discrimination.

37. Two and a half months later, I was abruptly retaliatory terminated by Liberty Mutual on July 15, 2024.

38. Liberty Mutual did not place Mrs. Jones on any sort of Performance Improvement Plan or otherwise follow its progressive disciplinary process prior to terminating her.

39. Liberty Mutual circumvented established disciplinary procedures by terminating Mrs. Jones without warning or prior notice. To justify their actions, they concocted a list of unsubstantiated and outdated performance issues, demonstrating a deliberate attempt to conceal the true reasons for her dismissal.

40. Despite being aware or having reason to be aware of my mental health condition, Defendant failed to take reasonable measures to address Plaintiff's needs or provide necessary accommodations, including but not limited to engaging in the interactive process as required by the Americans with Disabilities Act (ADA)

41. Defendant's actions and omissions caused me to experience significant emotional distress, exacerbating their mental health crisis and placing Plaintiff in grave danger, including suicidal ideation.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Arion C Jones

**DEFENDANTS**
Liberty Mutual Insurance

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Collin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

4-24CV-1174P

Attorneys *(If Known)*

DEC 2 2024 PM 3:02
RECEIVED-USDC-NDTX-FW

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964

Brief description of cause:
Retaliation, Discrimination, Wrongful termination, Emotional distress

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 12000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.